IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTHONY EUGENE WALKER                                                                    PLAINTIFF

v.                                    Civil No. 5:24-CV-05021-TLB-CDC

DEPUTY SHERIFF BRITTANY WRIGHT;
DEPUTY OGDEN; DEPUTY WARE;
DEPUTY MIKE WRIGHT; and DEPUTY
MEANOR                                                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. This matter is currently before the Court on Plaintiff's failure to prosecute this case.

### I.     BACKGROUND

On January 22, 2024, Plaintiff, a prisoner, initiated this action generally alleging violations of his constitutional rights while detained at the Benton County Detention Center ("BCDC"). (ECF No. 1). That same day, this Court ordered Plaintiff to submit a complete *in forma pauperis* ("IFP") application or to pay the full filing fee and to file an amended complaint by February 12, 2024, failing which this matter would be recommended for dismissal for failure to prosecute. (ECF No. 2). To aid Plaintiff in complying with this Order, the Clerk mailed Plaintiff a copy of this District's IFP application. This order was not returned as undeliverable.

On February 1, 2024, Plaintiff filed both the Amended Complaint and a Motion to Proceed IFP. (ECF Nos. 4-5). Upon review of Plaintiff's IFP application, United States Magistrate Judge Mark E. Ford concluded that Plaintiff's IFP application was not complete because it did not include a signed certificate of inmate account and assets form as required pursuant to 28 U.S.C.

1

§ 1915(a)(2). Given this deficiency, Judge Ford ordered Plaintiff to either submit a complete IFP application—including the required form—or pay the full filing fee by February 26, 2024. (ECF No. 6). To aid Plaintiff in complying with this Order, the Clerk again mailed Plaintiff a copy of this District's IFP application. This Order was not returned as undeliverable.

On February 15, 2024, Plaintiff submitted another IFP application. (ECF No. 7). Unfortunately, this application was also incomplete because it did not include the signed certificate of inmate account and assets form, as required by law. *Id.* Because Plaintiff claimed that officials at the BCDC—where he was incarcerated—would not complete the required form, *see id.*, this Court ordered Benton County Sheriff Shawn Holloway to assist Plaintiff in completing the form by March 5, 2024, *see* (ECF No. 8). That Order was mailed by certified mail, return receipt requested. *Id.*

On March 4, 2024, Plaintiff submitted a complete IFP application. (ECF No. 10). The next day, this Court granted Plaintiff's request to proceed IFP. (ECF No. 11). Consistent with the Local Rules, that Order also directed Plaintiff to inform the Court of any change of address within thirty days of any such change, failing which this matter would be subject to dismissal. *Id.* On March 14, 2024, this Order was returned as undeliverable. (ECF No. 13). Since then, more than 30 days have passed, and Plaintiff has failed to provide the Court with his current contact information.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

### III.     ANALYSIS

Here, Plaintiff's mail has been returned as undeliverable. More than 30 days have elapsed since the Court received Plaintiff's returned mail, and Plaintiff has failed to update the Court with his current contact information. Plaintiff, therefore, has failed to prosecute this action, and this case is subject to dismissal. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court recommends that Plaintiff's Amended Complaint (ECF No. 5) be dismissed without prejudice.

### IV.     CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 5) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 18th day of April 2024.

                                          */s/ Christy Comstock*
                                          CHRISTY COMSTOCK
                                          UNITED STATES MAGISTRATE JUDGE